IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DUANE FRALEY,**

        **Plaintiff,**

  vs.                                      Civil Action 2:15-cv-2902
                                                      Judge Smith
                                                      Magistrate Judge King

**OHIO DEPT. OF/CORR.,** *et al.*,

        **Defendants.**

<u>**ORDER and**</u>
<u>**REPORT AND RECOMMENDATION**</u>

      Plaintiff, a state prisoner, brings this civil rights action under 42 U.S.C. § 1983, alleging that he has been denied needed medical and dental care over the past two (2) years. This matter is now before the Court for the initial screen of the *Complaint* (and the supporting memorandum) required by 28 U.S.C. §§ 1915(e), 1915A.

      Named as defendants in the *Complaint* are the "Ohio Dept. of/Corr." and Gary Mohr, the Director of the Ohio Department of Rehabilitation and Correction ("ODRC"), as well as various employees or agents of the ODRC allegedly involved in plaintiff's medical and dental care.

      The defendant "Ohio Dept. of/Corr." (which the Court understands to refer to the ODRC) is a state agency. As such, this defendant is absolutely immune from suit in this Court by virtue of the Eleventh Amendment to the United States Constitution. *See Beil v. Lake Erie Correction Records Dept*., 282 Fed. Appx. 363, 2008 WL 2434738 (6th Cir.

June 13, 2008). *See also Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997)(Eleventh Amendment sovereign immunity applies not only to the states themselves but also to "state agents and instrumentalities").  Moreover, a state agency is not a "person" subject to suit under 42 U.S.C. §1983.  *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70-71 (1989). The action cannot proceed against this defendant.

The *Complaint* and supporting memorandum contain no specific allegations of involvement by defendant Mohr, the Director of the ODRC, in plaintiff's medical or dental care. A supervisory official may not be held liable under 42 U.S.C. §1983 for the alleged misconduct of subordinates unless "the plaintiff demonstrates that 'the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Combs v. Wilkinson*, 315 F.3f 548, 554 (6th Cir. 2002) quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "'At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'"  *Id*., quoting *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982).  Liability on the part of a supervisor must be based on "active unconstitutional behavior."  *Id*., citing *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999).  Because the *Complaint* contains no such "active unconstitutional behavior" on the part of this defendant, the action cannot proceed against defendant Mohr.

It is therefore **RECOMMENDED** that the claims against defendants

"Ohio Dept. of/Corr." and Gary Mohr be DISMISSED for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted.

As to the remaining defendants, however, the Court concludes that, at this juncture, the action can proceed.

The United States Marshals Service is **DIRECTED** to effect service of process on the remaining defendants, who shall have forty-five (45) days after service of process to respond to the *Complaint*.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976,

984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

 

October 16, 2015

            s/Norah McCann King
            Norah M<sup>c</sup>Cann King
            United States Magistrate Judge