IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DUANE FRALEY,**

        **Plaintiff,**

    **vs.**                                                           **Civil Action 2:15-cv-2902**
                                                                               **Judge Smith**
                                                                               **Magistrate Judge King**

**OHIO DEPT. OF/CORR.,** *et al.,*

        **Defendants.**

**REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner currently incarcerated in the Pickaway Correctional Institution, brings this civil rights action under 42 U.S.C. § 1983, alleging that he has been denied needed medical and dental care over the past two (2) years. Named as defendants are various employees of the Ohio Department of Rehabilitation and Correction ("ODRC") allegedly involved in plaintiff's medical and dental care. *Complaint*, ECF No. 3; *Complaint Against Elice Payneter*, ECF No. 16.[1] This matter is now before the Court on plaintiff's February 1, 2016 motion for interim injunctive relief. *Request for Injunction – or Equitable Relief*, ECF No. 27 ("*Plaintiff's Motion*").

In *Plaintiff's Motion*, plaintiff alleges, in conclusory fashion, that he was subjected to a "*violent assault.*" *Id*. at PageID# 119

---

[1] Claims against the ODRC and its director have been dismissed. *Order*, ECF No. 13.

(emphasis in original). He offers no factual specifics or admissible evidence in support of the motion.

Interim injunctive relief is an extraordinary remedy that should be granted only after the Court has carefully considered the following four factors:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (citing *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*), quoting *Sandison v. Michigan High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir. 1995)). When considering these factors, the district court should balance each factor against the others to arrive at its ultimate determination. *Id.* These factors are not prerequisites to injunctive relief; rather, they are factors that the Court must balance. *In re Delorean Motor Co.*, 755 F.2d at 1229; *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001) (no single factor is determinative.); *Monongahela Power Co. v. Schriber*, 322 F. Supp.2d 902, 918 (S.D. Ohio 2004)(same). However, a preliminary injunction should not issue where there is simply no likelihood of success on the merits. *Michigan State AFL-CIO v. Miller,* 103 F.3d 1240, 1249 (6th Cir. 1997).

Having considered *Plaintiff's Motion* and the relevant factors, the Court concludes that plaintiff has not established that he is entitled to the relief requested by him in *Plaintiff's Motion*. First,

it is simply impossible to conclude, at this juncture, that plaintiff is likely to succeed on the merits of his claims. Furthermore, the alleged event referred to in *Plaintiff's Motion* is not directly related to the claims at issue in this action and it does not appear that plaintiff has exhausted his administrative remedies in connection with any alleged assault. *See* 28 U.S.C. § 1997e(a). Under these circumstances, the Court concludes that the extraordinary relief sought by *Plaintiff's Motion* is unwarranted.

It is therefore **RECOMMENDED** that plaintiff's *Request for Injunction – or Equitable Relief*, ECF No. 27, be **DENIED**.


If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations

constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                                     s/Norah McCann King
                                                        Norah M<sup>c</sup>Cann King
February 17, 2016          United States Magistrate Judge