IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DUANE FRALEY,**

       **Plaintiff,**

  v.                                  **Civil Action 2:15-cv-2902**
                                      **Judge George C. Smith**
                                      **Magistrate Judge Jolson**

**OHIO DEPT. OF CORR., et al.,**

       **Defendants.**

## REPORT AND RECOMMENDATION AND ORDER

Plaintiff, a state prisoner currently incarcerated at the Pickaway Correctional Institution, brings this civil rights action under 42 U.S.C. § 1983, alleging that he has been denied medical and dental care over the past two years.  Named as defendants are various employees of the Ohio Department of Rehabilitation and Correction ("ODRC") allegedly involved in Plaintiff's medical and dental care.[1]  (Docs. 3, 16).  This matter is now before the Court on Defendants' Motion for Summary Judgment (Doc. 33) and Motion to Strike (Doc. 47).  Also before the Court are Plaintiff's Motion for Injunctive Relief (Doc. 34), Motion to Take Judicial Notice (Doc. 44), and Motion Requesting Leave until His Release (Doc. 46).

For the reasons set forth below, the Court recommends that Plaintiff's Motion for Injunctive Relief (Doc. 34) and Motion to Take Judicial Notice (Doc. 44) be denied, and Defendants' Motion for Summary Judgment (Doc. 33) be granted.  Further, Defendants'

---

[1] Plaintiff's claims against ODRC and its Director have been dismissed.  (Doc. 13).

Motion to Strike (Doc. 47) is granted, and Plaintiff's Motion Requesting Leave until His Release (Doc. 46) is denied as moot.

## I. MOTION FOR INJUNCTIVE RELIEF

In his Motion for Injunctive Relief, Plaintiff raises issues concerning housing and injuries, and additionally claims he is unable to obtain a new prison identification card. (Doc. 34 at 2–4). With respect to the relief requested, Plaintiff seeks "appropriate housing" and an "independent examination by an outside practitioner." (*Id*. at 3).

As this Court has observed in addressing Plaintiff's two prior requests for injunctive relief, interim injunctive relief is an extraordinary remedy that should be granted only after the Court has carefully considered the following four factors:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (citing *McPherson v. Mich. High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*), quoting *Sandison v. Mich. High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir. 1995)). When considering these factors, the district court should balance each factor against the others to arrive at its ultimate determination. *Id.* These factors are not prerequisites to injunctive relief; rather, they are factors that the Court must balance. *In re Delorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985); *Mich. Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001) (noting that no single factor is determinative); *Monongahela Power Co. v. Schriber*, 322 F. Supp. 2d 902, 918 (S.D. Ohio 2004) (same). However, a preliminary injunction should not issue where there is simply no likelihood of success on the merits. *Mich. State AFL-CIO v. Miller,* 103 F.3d 1240, 1249 (6th Cir. 1997).

Having considered Plaintiff's Motion and the relevant factors, the Court concludes that Plaintiff has not established that he is entitled to the requested relief. First, it is simply impossible to conclude, at this juncture, that Plaintiff is likely to succeed on the merits of his claims. Moreover, Plaintiff has not demonstrated that he will suffer irreparable injury without the relief sought in his Motion, *i.e.*, "appropriate housing" and an "independent examination by an outside practitioner." Under these circumstances, the Court concludes that the extraordinary relief sought by Plaintiff's Motion is unwarranted. Consequently, it is recommended that Plaintiff's Motion for Injunctive Relief be denied. (Doc. 34).

## II.     MOTION TO TAKE JUDICIAL NOTICE

Plaintiff also filed a Motion to Take Judicial Notice, requesting that this Court take "notice of the unjust treatment/punishment by the Defendants." (Doc. 44 at 1). Plaintiff alleges that Defendants are retaliating against him for filing this lawsuit by improperly holding him in administrative segregation, prohibiting his access to legal documents, and refusing to treat his injuries. (*Id.* at 1–3). Although not entirely clear, Plaintiff attributes at least some of this conduct to Mr. Bullock, Mr. Stableton, and Mr. French, individuals who are not parties in this lawsuit.

Rule 201 of the Federal Rules of Evidence governs judicial notice of adjudicative facts. That Rule provides, in pertinent part, that a court may take notice of adjudicative facts if they are not subject to reasonable dispute. *See* Fed. R. Evid. 201. That criterion is satisfied if the fact is either "generally known within the trial court's territorial jurisdiction" or it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id*.

Here, the adjudicative facts set forth by Plaintiff are subject to reasonable dispute. Specifically, the facts are neither generally known within this Court's territorial jurisdiction, nor

can they be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Thus, it is recommended that the Motion to Take Judicial Notice be denied. (Doc. 44).

### III. MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial "responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record that demonstrate "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (defining "genuine" as more than "some metaphysical doubt as to the material facts"). Consequently, the central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

In their Motion for Summary Judgment, Defendants argue that Plaintiff did not exhaust his administrative remedies. The Prison Litigation Reform Act of 1995 ("PLRA") prohibits an inmate from bringing an action under 42 U.S.C. § 1983 until his administrative remedies are exhausted. *See* 42 U.S.C. § 1997e(a). As the Court of Appeals observed, "[t]he point of the

4

PLRA exhaustion requirement is to allow prison officials 'a fair opportunity' to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford v. Ngo*, 548 U.S. 81, 94–95 (2006)).

The PLRA's exhaustion requirement requires a prisoner to "complete the administrative review process in accordance with the applicable procedural rules. . . ."  *Woodford*, 548 U.S. at 88. "[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)."  *Id.* at 90 (citation and quotation marks omitted).  When a prisoner makes affirmative efforts to comply with the administrative grievance process but does not succeed, the question is "whether those 'efforts to exhaust were sufficient under the circumstances.'"  *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) (quoting *Napier v. Laurel County*, 636 F.3d 218, 224 (6th Cir. 2011)).

Under Ohio Administrative Code § 5120-9-31, the inmate grievance procedure is comprised of three consecutive steps designed to address inmate complaints related to any aspect of institutional life that directly and personally affects them.  Ohio Admin. Code § 5120-9-31(A),(K).  "Whenever feasible, inmate complaints should be resolved at the lowest step possible.  Informal complaints and grievances must contain specific information; dates, times, places, the event giving rise to the complaint and, if applicable, the name or names of personnel involved and the name or names of any witnesses."  *Id*. at § 5120-9-31(K).  The three-step process includes the filing of an informal complaint to the direct supervisor of the staff member or department most directly responsible, the filing of the notification of grievance with the inspector of institutional services, and the filing of an appeal of the disposition of grievance

5

with the office of the chief inspector. *Id*. at § 5120-9-31(K)(1)–(3). The decision of the chief inspector or designee is final. *Id*. at § 5120-9-31(K)(3).

In support of their motion, Defendants have attached the affidavit of the institution's Assistant Chief Inspector, Eugene Hunyadi. (Doc. 33-1, PAGEID #: 144). The affidavit states the following with respect to Plaintiff's grievances:

> I have reviewed the entire grievance file of inmate Duane Fraley, A616-594. Inmate Fraley has submitted documentation relating to dental care, spinal care, and a request for outside medical records in the following submissions:
>
> a. 7-21-15: Inmate Fraley filed an informal complaint relating to a denial of an extra pillow and a bottom bunk restriction. Additionally, he complained that his prior medical records had not been received. A response was generated to this informal complaint and Inmate Fraley did not avail himself to the second or third steps in the grievance procedure as it related to this claim.
>
> b. 8-26-15: Inmate Fraley filed an informal complaint that claimed he was experiencing pain due to a recent dental procedure. Inmate Fraley sought "twopartials" as a remedy. Inmate Fraley was instructed to forward his complaint onto Missy Rousch, which he did on 9-10-15. A response was generated to this informal complaint and Inmate Fraley did not avail himself to the second or third steps in the grievance procedure as it related to this claim.
>
> c. 9-3-15: Inmate Fraley filed an informal complaint that claimed he was having issues with his spine and he was inappropriately denied a CAT scan or MRI, and that he was denied narcotics to help with the pain. Additionally, he questioned why his outside medical records had not been delivered. A response was generated to this informal complaint and Inmate Fraley did not avail himself to the second or third steps in the grievance procedure as it related to this claim.
>
> d. 9-30-15: Inmate Fraley filed an informal complaint that detailed some mental health concerns, and included a request to be seen by Dr. Kennedy. A response was generated to this informal complaint. On 10-24-15, Inmate Fraley filed a grievance with the inspector of institutional services that included for the first time an allegation that the prison inappropriately failed to obtain his prior medical records. The grievance was denied on 11-2-15. Inmate Fraley filed an appeal to the Office of the Chief Inspector of the ODRC on 11-15-15 that detailed some mental health concerns and that the prison inappropriately failed to obtain his prior medical records. The appeal was denied on 11-30-15, with the Chief Inspector stating "you refuse to sign the necessary release form to allow mental health services to investigate or acquire the alleged records."

    e. 10-11-15: Inmate Fraley filed an informal complaint that claimed that he was experiencing dental pain. A response was generated to this informal complaint and Inmate Fraley did not avail himself to the second or third steps in the grievance procedure as it related to this claim.

    f. 11-4-15: Inmate Fraley filed an informal complaint that claimed that he was experiencing pain from having a tooth pulled. A response was generated to this informal complaint and Inmate Fraley did not avail himself to the second or third steps in the grievance procedure as it related to this claim.

(*Id*., PAGEID #: 144–46, at ¶ 12). Accordingly, Plaintiff had not exhausted the three-step grievance procedure when his complaint was filed on October 15, 2015. (*Id*.; Doc. 3).

In opposition, Plaintiff makes conclusory statements indicating that Defendants thwarted or hindered his completion of the three-step inmate grievance procedure. (Doc. 40 at 1). Plaintiff also attaches portions of two signed, unverified letters that appear to be from the Correctional Institution Inspection Committee of the Ohio General Assembly addressing his complaints about the inmate grievance procedure. (*Id*., PAGEID #: 173–74). Neither the conclusory statements nor the letters raise a genuine issue of material fact to overcome a properly supported motion for summary judgment. *See* Fed. Civ. R. 56(e); *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 584–85 (6th Cir.1992). Viewing the record in the light most favorable to Plaintiff, it contains no evidence from which the Court could conclude that he exhausted his available administrative remedies prior to filing this action. Consequently, Plaintiff has not exhausted his administrative remedies, and this Court recommends that summary judgment be granted in favor of Defendants. *See Hopkins v. Ohio Dep't of Corr.*, 84 F. App'x 526, 527 (6th Cir. 2003) ("When a prisoner fails to exhaust his administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts administrative remedies, dismissal of the complaint is appropriate.").

In addition, Plaintiff filed what is construed as a Sur-Reply to Defendants' Motion for

Summary Judgment (Doc. 45), and Defendants have filed a Motion to Strike it as improperly filed (Doc. 47). Local Rule 7.2, which governs the submission of motions and other papers, provides for the filing of opposing memoranda and replies, but states that "[n]o additional memoranda . . . are permitted except upon leave of court for good cause shown." S. D. Ohio Civ. R. 7.2(a)(2). The Court finds that Plaintiff did not obtain leave of Court to file his Sur-Reply, and thus it should be stricken. However, even if the Court had deemed the Sur-Reply properly filed, the Court would still recommend granting the Motion for Summary Judgment because the Sur-Reply contains no evidence from which the Court could conclude that Plaintiff exhausted his available administrative remedies prior to filing this action. For the foregoing reasons, the Motion to Strike will be granted. (Doc. 47).

## IV. MOTION TO STAY

Turning to Plaintiff's Motion Requesting Leave until His Release (Doc. 46), it appears that Plaintiff may be requesting a stay of this case until his release based on his allegations that he is being retaliated against for filing this lawsuit. (*Id.* at 1 (mentioning confinement, "unjust shake downs with [his] property and documents being taken" without documentation, and "total dishonesty to and about [him]")). In light of this Court's recommendation that Defendants' Motion for Summary Judgment be granted, Plaintiff's request for a stay is denied as moot. (Doc. 46).

## V. CONCLUSION

Based on the foregoing, the Court RECOMMENDS that Plaintiff's Motion for Injunctive Relief (Doc. 34) and Motion to Take Judicial Notice (Doc. 44) be DENIED, and Defendants' Motion for Summary Judgment (Doc. 33) be GRANTED. Further, Defendants' Motion to

Strike (Doc. 47) is GRANTED, and Plaintiff's Motion Requesting Leave until His Release (Doc. 46) is DENIED as MOOT.

## Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

## Procedure on Objections to Order

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside

any part of this Order found to be clearly erroneous or contrary to law.

This Order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.   S.D. Ohio L.R. 72.3.

IT IS SO ORDERED.


Date:   October 7, 2016                             /s/ Kimberly A. Jolson
                                                    KIMBERLY A. JOLSON
                                                    UNITED STATES MAGISTRATE JUDGE